WINIFRED KAO, SBN 241473
GINA SZETO, SBN 284883
ADVANCING JUSTICE - ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
Tel.: (415) 896-1701
Fax: (415) 896-1702
winifredk@advancingjustice-alc.org
ginas@advancingjustice-alc.org

CATHA WORTHMAN, SBN 230399
LEWIS FEINBERG LEE & JACKSON, PC
476 9th Street
Oakland, CA 94607
Tel: (510) 839-6824
Fax: (510) 839-7839
cworthman@lewisfeinberg.com

Attorneys for Creditors

*(Represented Creditors listed herein and on signature page)*

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No. 14-15853 |
| BEDFORD CARE GROUP, INC., | Chapter 7 |
|             Debtor. | D.C. No. ALC-2 |
| | **EX PARTE APPLICATION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF ALICE HAYES** |
| | [Ex Parte Application; no hearing required. Proposed Order lodged concurrently herewith.] |
| | HONORABLE FREDRICK E. CLEMENT |

1

Creditors Julieta Delos Reyes, Nilo Delos Reyes, Gabriel Roque, Nerissa Roque, Estella Alsisto, Henry Alsisto, Mercy Pineda, Julito Pineda, Cherilyn Linguete, Ronald Linguete, and Yolanda Austriaco (the "Creditors") hereby move for an Order authorizing the Creditors to issue a subpoena:

1. Directing Alice Hayes, the former secretary of Debtor Bedford Care Group, Inc. ("Bedford") to appear at the law offices of Lang, Richert & Patch, Fig Garden Financial Center, 5200 North Palm Avenue, 4th Floor, Fresno, CA 93704, at 10 a.m. on June 19, 2015 (or on such date and time as may be agreed to between Ms. Hayes and the Creditors), for examination pursuant to Federal Rules of Bankruptcy Procedure Rule 2004 concerning the categories of topics described in Schedule "A" attached hereto; and

2. Directing Ms. Hayes to produce the documents described in Schedule "A" attached hereto at least 7 calendar days before the date of the examination.

This Application is based on 11 U.S.C. § 105(a), Rule 2004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 9014-1, the memorandum of points and authorities and declaration submitted in support of this Application, and the entire record in this case.

WHEREFORE, the Creditors respectfully request that the Court grant this Application and enter the proposed order and issue the requested subpoena.

DATED: April 27, 2015

ASIAN AMERICANS ADVANCING JUSTICE – ASIAN LAW CAUCUS

LEWIS FEINBERG LEE & JACKSON, PC

By: *Catha* _____
Winifred Kao
Gina Szeto
Catha Worthman

2
*EX PARTE* APPLICATION FOR ORDER
AUTHORIZING RULE 2004 EXAMINATION OF ALICE HAYES

## SCHEDULE "A"

### **DEFINITIONS**

1. As used herein, the terms "DOCUMENT" or "DOCUMENTS" shall mean all tangible items within the scope of Federal Rule of Civil Procedure 34, including without limitation, correspondence, communications, emails, memoranda, notes, diaries, statistics, minutes, contracts, agreements, reports, studies, check or bank statements, receipts, summaries, pamphlets, books, inter-office or intra-office communications, telephone message slips, text messages, voicemail messages, bulletins, plans, computer printouts, faxes, invoices, worksheets, ledger books, bills, and accounting books, as well as all drafts, alterations, modifications, changes and/or amendments of any of the foregoing. These terms include all graphic, aural, electronic, digital, or computer records and representations of any kind, including without limitation, photographs, video, and/or any data or information or records kept on or in a computer hard drive, disk, email account, server, or cloud computing system. These terms include all documents in any language.

2. The term "BEDFORD" as used herein means Debtor Bedford Care Group, Inc. and any person or legal entity acting on BEDFORD's behalf, including, but not limited to its agents, employees, attorneys, accountants, investigators, partners, representative and insurance company.

3. The term "YOU" and/or "YOUR" as used herein means Alice Hayes and any person or legal entity acting on behalf Ms. Hayes' behalf, including, but not limited to her agents, employees, attorneys, accountants, investigators, partners, representatives and insurance company.

4. The term "CLEAR VIEW" as used herein means Clear View Retirement Group, LLC and any person or legal entity acting on CLEAR VIEW's behalf, including but not limited to its agents, employees, attorneys, accountants, investigators, partners, representative and insurance company.

5. The term "COPPER RIVER" as used herein means Copper River Retirement Group, LLC and any person or legal entity acting on COPPER RIVER's behalf, including but

not limited to its agents, employees, attorneys, accountants, investigators, partners, representative and insurance company.

6. The words/phrases "REFER," "RELATE," "REFERRING," "RELATING," "RELATED," or variations thereof, as used herein in connection with any category of documents, means and includes all documents that discuss, constitute, memorialize, mention, summarize, reflect, refer to or may provide evidence of the subject matter of such category of documents.

7. The phrase "INCLUDING BUT NOT LIMITED TO" shall not, in any instance or case, be deemed a waiver or limitation of the scope of any of the definitions set forth herein.

8. The term "INSIDER" is defined pursuant to 11 U.S.C. § 101(31). "BEDFORD INSIDER" includes but is not limited to Stephanie Costa, Unjale Henderson, Alice Hayes, Stephen Costa, Bethany Costa, and/or any member of Ms. Costa's family.

## INSTRUCTIONS

9. YOU are to search for and produce all responsive documents in YOUR possession, custody, or control, wherever located.

10. For purposes of these requests for production of documents, so as to provide the broadest possible construction of a request: the singular shall be read to include the plural and vice versa, the present tense shall be read to include the past tense and vice versa, and the term "each" shall be read to include the term "every" and vice versa, the term "any" shall be read to include the term "all" and vice versa, and the term "and" shall be read to include the term "or" and vice versa.

11. If any part of a DOCUMENT is responsive to any request herein, produce the entire DOCUMENT.

10. Where a claim of privilege is asserted in objecting to any request or part thereof and information is not provided on the basis of such assertion, the following information should be provided in a privilege log served with the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly

privileged information: (a) the type of DOCUMENT for which the privilege is claimed; (b) the date of the DOCUMENT; (c) the author(s), addresse(s), custodian(s), and any other recipient of the DOCUMENT, and, where not apparent, the relationships of the author(s), addresse(s), custodian(s), and any other recipient to each other; (d) the subject matter of the information requested or the DOCUMENT withheld; and (e) the nature of the privilege asserted and the basis upon which it is claimed.

11. Each DOCUMENT produced shall be identified by the specific request to which it is responsive and shall be produced in a form that renders the document susceptible to copying.

12. If any request herein cannot be complied with in full, it shall be complied with to the extent possible, and you should explain why full compliance is not possible.

13. If any requested DOCUMENT was formerly in your possession, custody, or control and has been lost or destroyed, submit in lieu of each such document a written statement which:

(a) Identifies the DOCUMENT; and

(b) States when and how the DOCUMENT was lost or destroyed and, if destroyed, identifies each person having knowledge concerning such destruction or loss and the person(s) requesting and performing any destruction, states the reasons therefore, and identifies (as in (a) above) each DOCUMENT evidencing the DOCUMENT's prior existence and/or the facts concerning its destruction.

**TOPICS FOR EXAMINATION**

1. BEDFORD's assets and/or property;

2. Transfers of BEDFORD's assets and/or property, INCLUDING BUT NOT LIMITED TO the transfer of BEDFORD's care home businesses;

3. BEDFORD's acts and/or conduct leading up to and after the filing of BEDFORD's bankruptcy petition;

4. BEDFORD's liabilities and financial condition both before and after the filing

of BEDFORD's bankruptcy petition;

5. The nature and extent of BEDFORD's relationship with the two companies now operating BEDFORD's former care homes and any INSIDERS; and

6. Any other matters that may affect the administration of BEDFORD's estate.

**DOCUMENTS TO BE PRODUCED**

1. All monthly bank statements (itemizing transactions made to and/or from the account) from January 1, 2012 through the present, for any and all bank accounts used for and/or RELATING to any business owned and/or operated by BEDFORD at any point between January 1, 2012 and the present.

2. All monthly credit card statements (itemizing charges made and/or paid) from January 1, 2012 through the present, for any and all credit cards used for and/or RELATING to any business owned and/or operated by BEDFORD at any point between January 1, 2012 and the present.

3. Any and all DOCUMENTS REFLECTING BEDFORD's financial condition in 2012, INCLUDING BUT NOT LIMITED TO financial statements, ledgers, cash receipts journals, balance sheets, profit and loss statements, income statements, statements of cash flow, and/or tax return for 2012.

4. Any and all DOCUMENTS REFLECTING BEDFORD's financial condition in 2013, INCLUDING BUT NOT LIMITED TO financial statements, ledgers, cash receipts journals, balance sheets, profit and loss statements, income statements, statements of cash flow, and/or tax returns for 2013.

5. Any and all DOCUMENTS REFLECTING BEDFORD's financial condition in 2014, INCLUDING BUT NOT LIMITED TO financial statements, ledgers, cash receipts journals, balance sheets, profit and loss statements, income statements, statements of cash flow, and/or tax returns for 2014.

6. Any and all DOCUMENTS REFLECTING BEDFORD's current financial condition, INCLUDING BUT NOT LIMITED TO financial statements, ledgers, cash receipts journals, balance sheets, profit and loss statements, income statements, and statements of cash

flow so far this year.

7. All DOCUMENTS REFLECTING any payment and/or transfer of assets or property *by* BEDFORD (and/or by any business owned and/or operated by BEDFORD) to any person or entity (INCLUDING BUT NOT LIMITED TO CLEAR VIEW, COPPER RIVER, and/or any BEDFORD INSIDER), which occurred at any point between January 1, 2012 and the present.  Responsive DOCUMENTS INCLUDE BUT ARE NOT LIMITED TO paystubs, bonuses, agreements, contracts, promissory notes, emails, correspondence, and/or any DOCUMENTS RELATED to loans, dividends, distributions, and/or gifts made.

8. All DOCUMENTS REFLECTING any payment and/or transfer of assets or property *to* BEDFORD (and/or to any business owned and/or operated by BEDFORD) by any person or entity (INCLUDING BUT NOT LIMITED TO any BEDFORD INSIDER), which occurred at any point between January 1, 2012 and the present.  Responsive DOCUMENTS may INCLUDE BUT ARE NOT LIMITED TO contracts, agreements, promissory notes, emails, correspondence, and/or any DOCUMENTS RELATED to loans and/or gifts made.

9. All DOCUMENTS REFLECTING any non-attorney/client communications, correspondence, memos, emails, notes, or letters of any kind made to any person or entity (INCLUDING BUT NOT LIMITED TO any BEDFORD INSIDER or any CLEAR VIEW or COPPER RIVER resident, resident family member, and/or employee) REFERRING to BEDFORD's decision to file for bankruptcy and/or this bankruptcy case.

10. All DOCUMENTS REFLECTING any communications, correspondence, memos, emails, notes, or letters of any kind, made at any point between January 1, 2012 and the present to residents and/or the families of residents in any BEDFORD and/or former BEDFORD care home facility REFERRING to CLEAR VIEW.

11. All DOCUMENTS REFLECTING any communications, correspondence, memos, emails, notes, or letters of any kind, made at any point between January 1, 2012 and the present to residents and/or the families of residents in any BEDFORD and/or former BEDFORD care home facility REFERRING to COPPER RIVER.

12. All DOCUMENTS REFLECTING any communications, correspondence,

7

*EX PARTE* APPLICATION FOR ORDER
AUTHORIZING RULE 2004 EXAMINATION OF ALICE HAYES

memos, emails, notes, or letters of any kind, made at any point between January 1, 2012 and the present to residents and/or the families of residents in any BEDFORD and/or former BEDFORD care home facility REFERRING to any change and/or transition in the company name, management, and/or operation of the care home.

13. All monthly bank statements (itemizing transactions made to and/or from the account) from January 1, 2013 through the present, for any and all bank accounts used for and/or RELATING to any business formerly owned and/or formerly operated by BEDFORD at any point between January 1, 2013 and the present, INCLUDING BUT NOT LIMITED TO the care homes located at: 1115 E. Pinehurst in Fresno; 272 W. Everglade in Clovis; 2617 E. Shea Drive in Fresno; 2380 E. El Paso, in Fresno; 2657 E. Skyview Avenue in Fresno; and/or 2846 E. Jon Drive in Fresno.

14. All monthly credit card statements (itemizing charges made and/or paid) from January 1, 2013 through the present, for any and all credit cards used for and/or RELATING to any business formerly owned and/or formerly operated by BEDFORD at any point between January 1, 2013 and the present, INCLUDING BUT NOT LIMITED TO the care homes located at: 1115 E. Pinehurst in Fresno; 272 W. Everglade in Clovis; 2617 E. Shea Drive in Fresno; 2380 E. El Paso, in Fresno; 2657 E. Skyview Avenue in Fresno; and/or 2846 E. Jon Drive in Fresno.

15. All DOCUMENTS REFLECTING any interaction or relationship between any BEDFORD INSIDER and CLEAR VIEW and/or any aspect of CLEAR VIEW's business and/or operations.

16. All DOCUMENTS REFLECTING any interaction or relationship between any BEDFORD INSIDER and COPPER RIVER and/or any aspect of COPPER RIVER's business and/or operations.

*EX PARTE* APPLICATION FOR ORDER
AUTHORIZING RULE 2004 EXAMINATION OF ALICE HAYES