WINIFRED KAO, SBN 241473
GINA SZETO, SBN 284883
ADVANCING JUSTICE - ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
Tel.: (415) 896-1701
Fax: (415) 896-1702
winifredk@advancingjustice-alc.org
ginas@advancingjustice-alc.org

CATHA WORTHMAN, SBN 230399
LEWIS FEINBERG LEE & JACKSON, PC
476 9th Street
Oakland, CA 94607
Tel: (510) 839-6824
Fax: (510) 839-7839
cworthman@lewisfeinberg.com

Attorneys for Creditors

*(Represented Creditors listed herein and on signature page)*

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No. 14-15853 |
| BEDFORD CARE GROUP, INC., | Chapter 7 |
| Debtor. | D.C. No. ALC-3 |
| | **CREDITORS' OJBECTION TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND CLOSURE OF THE CASE** |
| | Date: July 22, 2015<br>Time: 9:00 a.m.<br>Judge: Fredrick E. Clement<br>Courtroom: 11 |

1

CREDITORS' OBJECTION TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND CLOSURE OF THE CASE

Creditors Juliet Delos Reyes, Nilo Delos Reyes, Mercedes Pineda, Julito Pineda, Nerissa Roque, Gabriel Roque, Yolanda Austriaco, Cherilyn Linguete, Ronald Linguete, Estrella Alsisto, Henry Alsisto (the "Creditors") respectfully object to the Trustee's Report of No Distribution ("Report") and to the closure of this case, on the grounds that the financial affairs of Debtor Bedford Care Group, Inc. have not yet been fully investigated. Several days before the Report was filed, this Court granted the Creditors' motions to take the Rule 2004 exams of the Debtor's former officers and principals, Stephanie Costa and Alice Hayes, in order to probe potential issues relevant to the proper administration of the Debtor's estate. The Creditors have not yet had the opportunity to take those exams. Until the Creditors have taken and had a chance to evaluate the information collected, the Report and closure of this case is premature.

## I. The Debtor Engaged in Suspect Transfers Related to Its Care Home Business.

The Debtor operated a residential care home business called Bedford Care Group ("Bedford"). Bedford's business included operations at six different locations within the Fresno and Clovis area. *See* Declaration of Gina Szeto in Support of Creditors' Objection ("Szeto Decl.") at ¶ 9, Ex. D. According to Debtor's own bankruptcy petition, the business was capable of generating a gross income of approximately $1.5 million a year. (Pet.'s Statement of Fin. Affairs at Item 1.)

The Debtor's residential care business was a family affair. Stephanie Costa was the Debtor's President and shareholder. Alice Hayes is Ms. Costa's mother and served as the Debtor's Secretary. Stephanie Costa's father, Stephen Costa, was the Debtor's Chief Financial Officer. (Szeto Decl. ¶ 6, Ex. A.)

The Creditors are former employees who worked as caregivers in Bedford's care homes at various times between May 2008 and April 2013. On or about April 25, 2013, based in large part on the information provided by the Creditors, the California Labor Commissioner's Bureau of Field Enforcement ("BoFE") initiated an investigation into the Debtor and Ms. Costa's pay practices and issued five citations against the Debtor and

Stephanie Costa, individually. The citations include unpaid wage, overtime, and meal and rest break premiums payable by statute to the Creditors. (Szeto Decl. ¶ 4.) *See* Lab. Code Sections 226.7(c); 558(a)(3); 1197.1(a)(3).

The Debtor and Stephanie Costa appealed the citations. (Szeto Decl. ¶ 5.) In mid-October 2013, a few weeks before the citation appeal hearing was originally scheduled to begin, papers were filed with the California Secretary of State to create two new residential care home companies called Clear View Retirement Group, LLC ("Clear View") and Copper River Retirement Group, LLC ("Copper River"). (*Id.* ¶ 7, Ex. B.) In a notable reappearance, Alice Hayes is the CEO, President, Vice-President, Secretary and Treasurer for both entities. (*Id.*) Stephanie Costa is designated as both companies' agent for service of process. (*Id.*)

In August 2014, Copper River and Clear View applied for licenses to run all six of the former Bedford facilities. (*Id.* ¶ 9, Ex. D.) Notwithstanding the apparent transfer of the Debtor's care home business to these two new companies, the day to day operations and management of the care homes have apparently remained unchanged. (*Id.* ¶ 10, Ex. E.)

It is unclear what if any consideration Debtor received for the transfer of its care home business and its related assets. The true nature and extent of the Debtor's relationship and transactions with Ms. Costa, Ms. Hayes, and the two new entities Clear View and Copper River also remain unanswered.

## II. The Creditors Have Not Yet Had an Opportunity to Examine the Debtor's Financial Affairs or Conduct Their Court-Authorized Rule 2004 Exams.

The first meeting of Creditors was held on January 15, 2015. Due to time constraints, the meeting was continued to February 27, 2015 before the Creditors had an opportunity to question the Debtor. (*Id.* ¶ 11.) The Trustee subsequently postponed the February 27, 2015 meeting and re-calendared it for March 27, 2015 at 10 a.m. (*Id.*) The Debtor appeared on March 27, 2015 at 9 a.m. and refused to stay for the scheduled 10 a.m. meeting, stating that there had been confusion about the start time. The meeting was not reset. (*Id.*)

Not having had any opportunity to examine the Debtor's financial affairs, the Creditors filed motions on April 27, 2015, requesting authorization to take the Rule 2004

examinations of Stephanie Costa and Alice Hayes and issue accompanying document requests. (*Id.* ¶ 12.) The Court granted the Creditors' motions on April 29, 2015. (*Id.*)

The Creditors thereafter diligently sought to serve Stephanie Costa and Alice Hayes with the subpoenas for their 2004 exams. Creditors first contacted both Debtor's counsel and Ms. Costa's counsel on the underlying wage and hour case, but both denied any authorization to accept the subpoenas on Ms. Costa or Ms. Hayes' behalf. (*Id.* ¶ 13.)

Accordingly, the Creditors personally served Ms. Hayes on May 7, 2015 with a subpoena to take her Rule 2004 examination. That examination is scheduled for June 19, 2015. (*Id.* ¶ 14.)

Ms. Costa, however, proved much more difficult to serve. Creditors attempted on four different occasions to serve Ms. Costa at her various-listed residences, including her Bel Air address, to no avail. Creditors were finally able to serve Ms. Costa on May 20, 2015. (*Id.* ¶15.) Because of the difficulties in serving Ms. Costa and the applicable notice requirements, Creditors are not able to take Ms. Costa's examination until July 1, 2015. (*Id.*)

**III. The Final Report and Closure of This Case is Premature in Light of the Creditors' Ongoing Inquiries About the Debtor's Estate.**

A trustee's final report and closure of a case is premature where the financial affairs of the debtor have not yet been fully investigated. *See In re Petty*, 93 B.R. 208, 212 (B.A.P. 9th Cir. 1988) (noting that where the debtor's potential property interest had not been fully disclosed in its bankruptcy petition, the case had not been fully administered and therefore had not been properly closed); *see also In re Leslie*, 211 B.R. 1016, 1020 (Bankr. M.D. Fla. 1997) (recognizing that the trustee's final report was premature where a full investigation into the estate's potential assets had not yet been fully conducted).

Here, as noted above, the Creditors have not yet had an opportunity to take their court-authorized Rule 2004 examinations of the Debtor's former principals, Alice Hayes and Stephanie Costa. Creditors will not have an opportunity to do so until June 19, 2015 and July 1, 2015, respectively.

As set out in the Creditors' Rule 2004 motion papers, the purpose of the examinations

1. and related document requests is to investigate the Debtor's assets and property; the sale or
2. transfer of the Debtor's assets and property; the Debtor's actions leading up to and following
3. the filing of Bedford's bankruptcy petition; the Debtor's liabilities and financial condition; the
4. nature and extent of the Debtor's relationship with the two companies now operating the
5. Debtor's former care homes and any insiders; and any other matters that may have affected
6. the administration of the Debtor's estate, through two of the Debtor's key decision makers
7. and principals.
8.       Creditors specifically seek an opportunity to fully examine Ms. Costa and Ms. Hayes
9. about, *inter alia*, the circumstances and details behind the transfer of Debtor's care home
10. business and what if any consideration was paid for it and its related assets. Creditors also
11. seek information as to how Ms. Costa and Ms. Hayes, Debtor's former principals, have come
12. to be agents and administrators for Clear View and Copper River, the two new corporate
13. entities now running the Debtor's former care home business. The entanglements between
14. the Debtor, its former principals, and the two new corporate entities running its former
15. business raise a host of questions about the proper transfer and management of the Debtor's
16. assets and property. Exploring these issues through the scheduled Rule 2004 examinations
17. could lead to discovery of additional assets that are properly part of the Debtor's estate,
18. and/or reveal information that could support potential voidable transfer, fraudulent activity, or
19. alter ego claims that could affect the estate's proper administration.
20.       For all of these aforementioned reasons, the Report and closure of this case is
21. premature. Creditors should be permitted time to conduct the Court-authorized Rule 2004
22. examinations of Ms. Hayes and Ms. Costa. The Creditors should also be given a reasonable
23. time after the examinations have concluded to evaluate the information collected to assess
24. what if any additional motions they may seek to file in relation to the administration of the
25. Debtor's estate.
26. ///
27. ///
28. ///

CREDITORS' OBJECTION TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND CLOSURE OF THE CASE

| | |
|---|---|
| DATED: May 29, 2015 | Respectfully Submitted, |
| | ASIAN AMERICANS ADVANCING JUSTICE – ASIAN LAW CAUCUS |
| | LEWIS FEINBERG LEE & JACKSON, PC |
| | By: ___/s/ Catha___<br>Winifred Kao<br>Gina Szeto<br>Catha Worthman |
| | *Counsel for Creditors Juliet Delos Reyes, Nilo Delos Reyes, Mercy Pineda, Julito Pineda, Gabriel Roque, Nerissa Roque, Henry Alsisto, Esther Alsisto, Cherilyn Linguete, Ronald Linguete, and Yolanda Austriaco* |

CREDITORS' OBJECTION TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND CLOSURE OF THE CASE