```
3
```
WALTER & WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
205 E. River Park Circle, Ste. 410
Fresno, CA 93720
Telephone:  (559) 435-9800
Facsimile:  (559) 435-9868
E-mail:  rileywalter@W2LG.com

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>BEDFORD CARE GROUP, a California corporation,<br><br>Debtor.<br><br>SS #'s:   54-2187384<br>Address:  2380 E. El Paso<br>          Fresno, CA 93720 | CASE NO. 14-15853<br><br>Chapter 7<br><br>DC No: ALC-3<br><br>Date:  July 22, 2015<br>Time:  9:00 a.m.<br>Place: 2500 Tulare Street<br>       Fresno, CA 93721<br>Dept: 11<br>Judge: Honorable Fredrick E. Clement |

**RESPONSE TO OBJECTION TO TRUSTEE'S REPORT OF
NO DISTRIBUTION AND CLOSURE OF THE CASE**

TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE:

Bedford Care Group, Inc., by counsel, respectfully appears and responds to the objection filed herein by Asian Law Caucus as follows.

Asian Law Caucus has filed an Objection to the Chapter 7 Trustee's Report of No Distribution on behalf of various creditors. The Debtor provides the following response:

1.  First, it is unclear what standing the Asian Law Caucus has. Proofs of Claim were filed on behalf of a number of creditors holding labor law judgments against the Debtor by the Department of Labor Standards and Enforcements *and* by the Asian

Law Group. The lawyer for DSLE asserts that DSLE is the representative of the judgment creditors as does Asian Law Group. So the question of standing to bring the objection looms before the Court. They cannot both be the authorized representative of the creditors. One of them has filed an improper claim.

2. Second, the objecting creditors appear to mislead the Court claiming the Debtor did not show up for the continued meeting of creditors. Attached as Exhibit A is a copy of pages 29, 30 and 31 of the transcript of the meeting of creditors held on January 15, 2015.

3. It is perfectly plain that on page 31, lines 14 to 18, the Trustee continued the meeting of creditors to February 27 *at 9:00 a.m.* Thus it is the objecting creditors who were not at the meeting of creditors at the continued meeting, not the Debtor. The Debtor, through its President, was standing ready for the continued meeting of creditors. No-one appeared at the time of the continued meeting. The meeting was concluded.

4. Moreover, the Asian Law Caucus did not appear at the initial meeting of creditors nor at the appointed time for the continued meeting of creditors. Instead, after waiting many months from the petition date, only on or about April 27, 2015 did the Asian Law Caucus finally submit an application to conduct examinations of third parties, thus delaying case closure. It is unknown by the Debtor whether the proper procedures have been followed nor whether the 2004 orders have been properly served. Therefore it is unknown whether the examinations will take place.

5. Third, the Trustee investigated the transactions complained of and received and reviewed volumes of paperwork before concluding this is a no asset estate.

6. The Debtor does not take a position on the validity or propriety Asian Law Caucus objection but it does feel incumbent upon it to bring the misrepresentations to the attention of the Court.

///

///

WHEREFORE, the Debtor prays that the Court be apprised accordingly and seeks such other relief as is just and proper.

Dated: June 29, 2015

WALTER & WILHELM LAW GROUP
a Professional Corporation

By: *Riley C. Walter*
Riley C. Walter, Attorneys for Debtor