| | |
|---|---|
| 1 | WINIFRED KAO, SBN 241473 |
| 2 | GINA SZETO, SBN 284883<br>ADVANCING JUSTICE - ASIAN LAW CAUCUS |
| 3 | 55 Columbus Avenue<br>San Francisco, CA 94111 |
| 4 | Tel.: (415) 896-1701<br>Fax: (415) 896-1702 |
| 5 | winifredk@advancingjustice-alc.org<br>ginas@advancingjustice-alc.org |
| 6 | CATHA WORTHMAN, SBN 230399 |
| 7 | LEWIS FEINBERG LEE & JACKSON, PC<br>476 9th Street |
| 8 | Oakland, CA 94607<br>Tel: (510) 839-6824 |
| 9 | Fax: (510) 839-7839<br>cworthman@lewisfeinberg.com |
| 10 | Attorneys for Creditors |
| 11 | *(Represented Creditors listed herein* |
| 12 | *and on signature page)* |

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| In the Matter of | | Case No. 14-15853<br>Chapter 7 |
| BEDFORD CARE GROUP, INC., | | D.C. No. ALC-3 |
| Debtor. | | **CREDITORS' REPLY TO DEBTOR'S RESPONSE TO OBJECTION TO TRUSTEE'S REPORT OF NO DISTRIBUTION AND CLOSURE OF THE CASE**<br><br>Date: July 22, 2015<br>Time: 9:00 a.m.<br>Judge: Fredrick E. Clement<br>Courtroom: 11 |

1

CREDITORS' REPLY TO DEBTOR'S RESPONSE TO OBJECTION TO TRUSTEE'S REPORT OF NO
DISTRIBUTION AND CLOSURE OF THE CASE

None of the Debtor's contentions in their response change the conclusions that Creditors should be afforded the opportunity to meaningfully examine assets and liabilities that may affect the proper administration of the Debtor's estate and that at this juncture, a no-asset finding and closure of this case is premature. The Debtor responds to the Creditors' Objection to the Trustee's Report of No Distribution and Case Closure with only three points: (1) to question the Creditors' standing to file their objection and their underlying claims because of allegedly duplicative claims filed by the California Division of Labor Standards Enforcement; (2) to assert that Debtor appeared for the second meeting of creditors; and (3) to suggest that no further inquiry is needed because the Trustee has already reviewed documents related to the contested transactions. All of these arguments are unpersuasive.

First, Creditors have standing to bring their claims and file their objection. Debtor confuses and misstates the nature of the claims by the Creditors' and the Division of Labor Standards Enforcement (DLSE). The Creditors have individual claims against the Debtor for unpaid wages, meal and rest break premiums, waiting time penalties, liquidated damages, business expenses, attorney's fees, interest and other penalties, pursuant *inter alia* to California Labor Code §§ 201, 202, 203, 218, 226.7, 510, 512, 1174.5, 1182.12, 1194, 1194.2, 2802, 2698 et seq. and Industrial Welfare Order No. 5-2001. The DLSE's claims, on the other hand, are brought on behalf of the State of California and are based on citations the DLSE issued against the Debtor for unpaid wages and civil penalties pursuant to Labor Code §§ 558, 1197.1 and 226.3. While some of the unpaid wage components of the Creditors' and DLSE's claims overlap, other components do not, including the Creditors' separate claims for break premiums, waiting time penalties, liquidated damages, business expenses, attorney's fees and interest. As separate creditors with their own distinct claims, the Creditors have a right to file proofs of claim and this objection.

Second, regardless of the confusion about the start time for the March 27, 2015 creditors' meeting, the salient point is that the Creditors were not afforded an opportunity at that time to examine the Debtor. Creditors should therefore be given the time to conduct their

authorized Rule 2004 exams and pursue any subsequent material investigation those examinations may raise.

Third, notwithstanding the Trustee's own inquiries, Rule 2004 of the Federal Rules of Bankruptcy specifically affords creditors the opportunity to conduct *their own* examination into the debtor's financial affairs and liabilities. This Court granted the Creditors' request to conduct such examinations in this case – examinations which extend beyond the transactions investigated by the Trustee.

For all of the foregoing reasons, the Creditors should be permitted time to conduct their authorized Rule 2004 examinations. The Creditors should also be given a reasonable time after the examinations have concluded to evaluate the information collected to assess what if any additional motions they may seek to file in relation to the administration of the Debtor's estate. Thus, a no-asset finding and closure of this case is premature.

DATED: July 15, 2015

Respectfully Submitted,

ASIAN AMERICANS ADVANCING JUSTICE –
ASIAN LAW CAUCUS

LEWIS FEINBERG LEE & JACKSON, PC

By: _____
Winifred Kao
Gina Szeto
Catha Worthman

*Counsel for Creditors Juliet Delos Reyes, Nilo Delos Reyes, Mercy Pineda, Julito Pineda, Gabriel Roque, Nerissa Roque, Henry Alsisto, Esther Alsisto, Cherilyn Linguete, Ronald Linguete, and Yolanda Austriaco*

///

///

3